**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHEILA PELZ,

        Petitioner - Appellant,

v.

VICKIE SHOECRAFT,

        Respondent - Appellee.

No. 02-7099
(D.C. No. 01-CV-665-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McKAY**, Circuit Judge.

After examining the brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a 28 U.S.C. § 2254 prisoner appeal. Ms. Pelz was convicted in state court of murder in the second degree–felony murder and of two counts of accessory after the fact. Ms. Pelz filed a notice of appeal and designation of the record with the Oklahoma Court of Criminal Appeals but failed to file a petition in error by the required deadline. Accordingly, Ms. Pelz's convictions and sentences became final and she effectively waived appellate review.

Petitioner filed her § 2254 petition in the district court. Respondent filed a motion to dismiss the petition as time barred. In her petition, Ms. Pelz claimed that the limitations period should be equitably tolled because she missed filing deadlines on state post-conviction proceedings due to ineffective assistance of trial counsel. The district court found that Ms. Pelz had not demonstrated due diligence in pursuing her federal habeas claims and dismissed her petition as time barred. Finding no merit in any of Ms. Pelz's arguments, the district court declined to grant her a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Ms. Pelz's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. The district court carefully detailed Ms. Pelz's claims and set forth a time line with the relevant dates for her equitable tolling argument. We are not persuaded that the alleged ineffective assistance of Ms. Pelz's trial counsel explains why Ms. Pelz waited over three years to pursue her second application for post-conviction relief. "Mere attorney negligence does not justify equitable tolling." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000). A petitioner must also proceed with diligence in pursuing her claim. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Fisher v. Gibson, 262 F.3d 1135, 1143 (10th Cir. 2001). We agree with the district court that "petitioner has not demonstrated due diligence in pursuing her federal habeas claims, and her circumstances do not warrant equitable tolling." April 25, 2002, Order at 5. For substantially the same reasons as set forth by the district court, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack, 529 U.S. at 484.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal.[1]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] We determine that we have jurisdiction to hear this appeal because no separate judgment was filed by the district court as required by Fed. R. Civ. P. 58. The time to appeal does not begin to run until a Rule 58 judgment is entered. See United States v. Torres, 282 F.3d 1241 (10th Cir. 2002).