**UNITED STATES COURT OF APPEALS**

**Filed 4/18/96**

**FOR THE TENTH CIRCUIT**

————

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent-Appellee, | ) |
| | ) |
| v. | )       No. 95-6372 |
| | )  (D.C. No. CIV-95-1168-R) |
| RAYMOND TORRES, | )    (W. Dist. of Okla.) |
| | ) |
|     Petitioner-Appellant. | ) |

————

**ORDER AND JUDGMENT**[*]

————

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

————

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Raymond Torres (Torres), appearing pro se and having been

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

granted leave to proceed in forma pauperis, appeals the district court's denial of his Motion to Vacate, Set Aside, or Correct Illegal Sentence filed pursuant to 28 U.S.C. § 2255.

In March, 1994, Torres was convicted of multiple drug-related offenses in connection with conspiracy to distribute methamphetamine. On direct appeal, we affirmed Torres' convictions and sentences for conspiracy to possess with intent to distribute methamphetamine (Count I) and distribution of methamphetamine (Count IV). See United States v. Torres, 53 F.3d 1129 (10th Cir.), cert. denied, ___ U.S. ___ (1995).

Thereafter, Torres filed a § 2255 motion alleging that: (1) his sentence was based on the wrong guideline range; (2) his trial counsel was ineffective in several ways relating to which isomer of methamphetamine was involved in the case; (3) the district court erred in sentencing him based on d- rather than l-methamphetamine;[1] and (4) the district court erred by not "clearing away the jury's confusion, as to use of particular evidence" in response to a note from the jury during deliberations.

On October 2, 1995, the district court denied Torres' § 2255 motion and found/concluded that: Torres' first, third, and fourth

---

[1] At the time Torres was sentenced, the guidelines distinguished between "methamphetamine," which commonly refers to d-methamphetamine, and "l-methamphetamine." For purposes of calculating the base offense level, 1 gram of methamphetamine was equivalent to 1 kilogram of marijuana and 1 gram of l-methamphetamine was equivalent to 40 grams of marijuana. U.S.S.G. § 2D1.1, Drug Equivalency Tables.

claims were procedurally defaulted for failure to raise them on direct appeal; Torres failed to show cause for his failure to raise claims one, three, and four on direct appeal; and the record was clear that Torres was not and could not have been prejudiced by his trial counsel's allegedly unprofessional errors.

On appeal, Torres contends that the district court erred in denying his § 2255 petition. He asserts that the district court erred (1) in denying his ineffective assistance of counsel claim when counsel admitted that he did not raise the issue of d- versus l-methamphetamine at sentencing; and (2) when it held that his first and third claims were procedurally barred when in fact he did show a miscarriage of justice and that he had received ineffective assistance of counsel.

In a § 2255 action, we review the district court's legal conclusions de novo, United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995), although findings of fact underlying mixed questions of law and fact are accorded the presumption of correctness. Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir. 1992).

Torres' claims all relate to his trial counsel's failure to object to the presentence report's calculation of his base offense level on the basis of d-methamphetamine rather than l-methamphetamine. Therefore, his claims may be consolidated with and addressed through his ineffective assistance of counsel claim.

In order to prevail on a claim of ineffective assistance of

counsel, a defendant must show that: (1) his counsel's performance was constitutionally deficient, and (2) this deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cook, 49 F.3d at 665. Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Prejudice is established when a defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "However, a court may not set aside a conviction or a sentence solely because the outcome would have been different absent counsel's deficient performance." United States v. Kissick, 69 F.3d 1048, 1055 (10th Cir. 1995) (citing Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993)). "Instead, in order to establish the required prejudice, a defendant must demonstrate that counsel's deficient performance rendered the proceeding 'fundamentally unfair or unreliable.'" Kissick, 69 F.3d at 1055 (citing Lockhart, 506 U.S. at 369).

Assuming that Torres' counsel's performance in failing to object to sentencing based on d- rather than l-methamphetamine was constitutionally deficient, his claims nevertheless must fail because he did not and cannot show actual prejudice. At sentencing, it was established that Torres was accountable for 1,275.75 grams of methamphetamine. There was no discussion nor any evidence introduced regarding whether the methamphetamine involved

- 4 -

was d- or l-methamphetamine.  <u>See</u> ROA, Vol. VI.  However, our record reveals a July 13, 1992, Report of Drug Property Collected, Purchased or Seized which analyzes methamphetamine seized from coconspirators on July 9, 1992, as 35% d-methamphetamine.[2]

Under the guidelines, "[i]f a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level." U.S.S.G. § 2D1.1.(c) note*. <u>See</u> <u>United States v. Decker</u>, 55 F.3d 1509, 1513 (10th Cir. 1995). Therefore, even assuming that counsel had an obligation to raise the issue, the evidence demonstrates that Torres sentence would have been the same and his sentence is neither "fundamentally unfair" nor "unreliable."

We **AFFIRM** substantially for the reasons set forth in the district court's Order of October 2, 1995.  The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge

---

[2]     It is unclear from the record if this evidence was presented at trial.  However, new evidence may be presented in a § 2255 proceeding.