**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2002**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA ,

      Respondent-Appellee,

v.

RAYMOND TORRES,

      Petitioner-Appellant.

No. 01-6327

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 95-CV-1168-R, 93-CR-215-R)**

---

**Submitted on the briefs:**[*]

Raymond Torres, pro se

---

Before **EBEL, KELLY** and **LUCERO**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

Petitioner-Appellant Raymond Torres is currently imprisoned in a federal prison in New Mexico for offenses related to a conspiracy to distribute methamphetamine. Torres, appearing pro se, challenges procedural and substantive rulings the United States District Court for the Western District of Oklahoma made concerning his "petition for writ of error coram nobis and/or petition for writ of audita querela."

In the petition, which he filed on January 16, 2001, Torres alleged that his sentence and conviction were unconstitutional in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). On January 22, 2001, the district court entered an order explaining that because Torres was currently in federal custody for his methamphetamine convictions, he could not challenge those convictions and their corresponding sentences through a writ of coram nobis.[1] (Jan. 22 Order at 1-2.) The proper method for raising such a challenge, the court pointed out, would be to file a petition under 28 U.S.C. § 2255. (Id. at 2.) The district court observed, however, that recharacterizations of pro se petitions brought under the All Writs Act, 28 U.S.C. § 1691, as § 2255 petitions are often disfavored. (Id. at 2.) Moreover, the district court noted that if it were to restyle Torres's petition as one seeking relief under § 2255, then it would lose

---

[1]The district court also denied Torres's request for conditional release in the same order. For the reasons discussed below we affirm this denial.

subject matter jurisdiction over the petition because Torres had previously filed a § 2255 petition and had not sought permission from this court to file a successive § 2255 petition. See 28 U.S.C. §§ 2255, 2244(b)(1).

Having laid out this analytic framework, the district court reasoned that it could dispose of Torres's petition in either one of two ways:

> [T]he Court can either treat [Torres's] petition as a petition for a writ of error coram nobis or for a writ of audita querela, in which case his petition must be dismissed for lack of subject matter jurisdiction, or the Court can recharacterize the petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, in which event the Court will transfer the motion to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631 [for authorization to file a second § 2255 petition].

(Id. at 2-3.) The court then invited Torres to specify within ten days "whether or not he agrees to recharacterization of his petition(s) as a motion filed pursuant to 28 U.S.C. § 2255."[2] (Id. at 3.)

As best we can discern, the next correspondence between Torres and the district court occurred on April 9, 2001, when Torres filed a motion to supplement his "coram nobis and/or audita querela" petition. The district court, in a one paragraph order, denied Torres's motion on April 12, 2001, "as moot inasmuch as the Court denied Defendant's petition for these writs by Order entered January 22, 2001." (April 12 Order.) A little over two months later,

---

[2]We recognize that Torres claims he did not receive timely notice of this offer.

- 3 -

Torres nonetheless submitted his supplemental petition to the district court; the court subsequently struck that petition on June 15, 2001.

On July 30, 2001, Torres filed a motion pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure requesting that the district court "reopen the time to appeal" the January 22 and April 12 orders. In the documents accompanying his motion, Torres alleged that he did not receive the court's January 22 order until July 24, 2001, and that he received it then only because his sister had contacted the clerk of the court and inquired about the status of the "coram nobis and/or audita querela" petition. On August 17, 2001, the district court rejected Torres's request to reopen the time to appeal, holding that Torres had failed to file his motion to reopen within the 180-day period required under Rule 4(a)(6). (Aug. 17 Order at 2.) Torres then appealed to this court.

In his appeal, Torres raises three issues. First, he contends that the district court abused its discretion under Rule 4(a)(6) by denying his motion to reopen the time for appeal. (Aplt. Br. at 7-8.) Second, and closely related to his first argument, Torres alleges that his appeal should be considered timely because the district court violated Rule 58 of the Federal Rules of Civil Procedure by not entering a separate judgment denying his "coram nobis and/or audita querela" petition. Third, he argues that the district court erred in reclassifying the "coram nobis and/or audita querela" petition as a § 2255 petition.

We need not reach Torres's Rule 4(a)(6) argument because we agree that the district court never entered a proper judgement under Rule 58, which provides that a "judgment is effective only when" "set forth on a separate document."[3] Fed. R. Civ. P. 58. In Clough v. Rush, 959 F.2d 182 (10th Cir. 1992), we held that Rule 58's separate document requirement "applies in any case where there is uncertainty about whether final judgment has been entered." Id. at 185 (citing United States v. Clearfield State Bank, 497 F.2d 356, 358 (10th Cir. 1974). We further noted that a separate judgment might not have to be entered if an "order[] contain[s] neither a discussion of the court's reasoning nor any dispositive legal analysis," but suggested that longer, more detailed orders containing legal analysis could not "meet Rule 58's requirements." Clough, 959 F.2d at 185.

In the present case, it is clear that the district court's January 22 order could not act as a "judgment" for Rule 58 purposes, for it left "some uncertainty about whether final judgment ha[d] entered." Id. at 185. As our discussion above demonstrates, the district court's January 22 order never identified the final disposition of Torres's petition. Indeed, the order explicitly left open the

---

[3]Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure states, "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Rule 4(a)(7) provides that "[a] judgment or order is entered for purposes of Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Therefore, if Rule 58 is not complied with, the period for filing an appeal will not begin to run.

possibility that Torres's "coram nobis and/or audita querela" petition might be disposed of on the merits, or, alternatively, recharacterized as a § 2255 petition and transferred to this court under 28 U.S.C. § 1631.[4]  Cf. In re Durability, Inc., 893 F.2d 264, 265 (10th Cir. 1990) ("[A]n order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").  The uncertainty of the district court's disposition is all the more clear given that the district court instructed Torres to explain within ten days whether he wished to have his claims treated as a § 2255 petition.[5]  (January 22 Order at 2-3.)

Torres may, however, waive the Rule 58 violation and ask this court to consider his appeal timely, Clough, 959 F.2d at 185-86, and in his brief he indicates that he would like to do so.  (Aplt. Br. at 9.)  The absence of an appropriate Rule 58 judgment does not deprive this court of jurisdiction or require a remand.  See Clough, 959 F.2d at 185 ("The Supreme Court has instructed that . . . the absence of a separate document should not be used to defeat consideration of the merits.").  Principles of judicial economy and efficiency, courts have explained, would be undercut if we simply remanded cases for compliance with

---

[4]Under either alternative, the district court indicated that it could not grant Torres relief.

[5]Although the district court's subsequent April 12 order indicated that the January 22 order had disposed of Torres's petition, it never expressly explained whether the petition had been reclassified as a § 2255 petition, nor did it enter a Rule 58 judgment.  Torres assumes that the district court disposed of his case as if it had been brought under § 2255, but we this is not entirely clear from the record.

- 6 -

Rule 58 and entry of a separate judgment document where the appellant waives the Rule 58 violation. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 385-36 (1978); Marshall v. Shalala, 5 F.3d 453, 454 n.4 (10th Cir. 1993). Consequently, we will consider Torres's appeal timely and proceeded to the substance of his appeal. Clough, 959 F.2d at 186.

The heart of Torres's argument is that the district court violated his "due process rights" and "abused its discretion" by recasting his petition for "writ of coram nobis and/or writ audita querela" as a § 2255 petition. (Aplt. Br. at 10.) If we were to review his petition under the legal standards for coram nobis and audita querela, he alleges, we would conclude that his sentence and conviction are unconstitutional in the wake of the Supreme Court's Apprendi decision. At its core, Torres's argument centers around the alleged failure of the government to prove beyond a reasonable doubt that he possessed "D-methamphetamine." (Aplt. Br. at 11.) We find Torres's claims unpersuasive for two reasons.

First, assuming for the sake of argument that the district court mistakenly reclassified his petition, Torres cannot obtain the relief he desires through coram nobis or audita querela writs.[6] As courts have explained, a prisoner may not

---

[6]Writs of audita querela and coram nobis "are similar, but not identical." United States v. Reyes, 945 F.2d 862, 863 n.1 (5th Cir. 1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." Id. By contrast, a writ of audita querela is

(continued...)

challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis.  See, e.g., United States v. Carpenter, 2001 WL 1515862, at *3-*4 (10th Cir. Nov. 29, 2001) (unpublished) (citing United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001)).  Similarly, a writ of audita querela is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255."  Tavares v. Mass., 59 F. Supp. 2d 152, 155 (D. Mass. 1999); see also United States v. Valdez-Pacheo, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 . . ."); United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (explaining that audita querela may

---

[6](...continued)
used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition."  Id.  Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both writs.  United States v. Beggerly, 524 U.S. 38, 45 (1998); Fed. R. Civ. P. 60(b) (both stating that writs of coram nobis and audita querela were abolished by Rule 60(b)).  However, the Supreme Court held in United States v. Morgan, 346 U.S. 502 (1954), that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act.  At least four of our sister circuits have questioned whether audita querela may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act, but have assumed, "without deciding, that in some set of circumstances audita querela might appropriately afford post-conviction relief to a criminal defendant."  Reyes, 945 F.2d at 865 (collecting cases).  Like these courts, we assume for purposes of this case only that a prisoner may seek a writ of audita querela under the All Writs Act.

"not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255").

Alternatively, we do not believe that the district court acted incorrectly by recharacterizing Torres's motion as a § 2255 petition, assuming, as Torres claims, this is what the district court did. In recent years, we have explained that district courts should not sua sponte recharacterize a prisoner's petition for post-conviction relief as a § 2255 petition. We have reached this conclusion "largely out of concern that a subsequent § 2255 motion would be considered successive" and barred under AEDPA except "in very limited circumstances." United States v. Kelly, 235 F.3d 1238, 1241 (10th Cir. 2000). We have therefore held that district courts should only recharacterize a motion as a § 2255 petition where (1) the petitioner, having been made aware of the risks associated with recharacterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under § 2255 "and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."[7] Id. (quoting Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998)).

---

[7]Quite possibly, by giving Torres ten days to respond to the possible recharacterization, the district court complied with Kelly's second exception. However, because Torres claims he never received timely notice of the district court's orders, we assume that the second exception has not been met in this case.

We have made these rulings, however, in cases where the recharacterized petition would have been the petitioner's first § 2255 petition. See Kelly, 235 F.3d at 1241 (noting how the district court recharacterized the petitioner's first post-judgment motion); see also Carpenter, 2001 WL 1515862, at *1; United States v. Lowe, 2001 WL 387432, at *3 (10th Cir. Apr. 17, 2001) (unpublished) (both involving recharacterizations that would have created an initial § 2255 petition). Our concern in those cases–that characterizing a petition as an initial § 2255 might prevent a prisoner from raising a legitimate claim in a subsequent § 2255 petition–does not apply where, as in this case, the petitioner previously filed a § 2255 petition. Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.[8] See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir.

_____

[8]Section 2255 provides in relevant part:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244(b)(3)(A), in turn, mandates: "Before a second or successive application . . . is filed in the district court, the applicant shall move in
(continued...)

1998) ("'Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions'" (quoting Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996)); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (holding that petitioners cannot escape AEDPA's bar against successive petitions by filing their motions under the All Writs Act). Therefore, we conclude that the district court acted properly in recharacterizing Torres's January 16 petition as a successive § 2255 petition, assuming, as Torres claims, this is what the district court did.

Because Torres did not obtain leave from this court pursuant to 28 U.S.C. § 2244(b)(3)(A) before filing his successive § 2255 petition, the district court, as its January 22 order indicated, lacked subject matter jurisdiction over his claim and properly refused to grant Torres relief. Lopez, 141 F.3d at 975-76. Nonetheless, for purposes of this line of analysis, "we will construe [Torres's] notice of appeal and appellate brief as an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition in the district court." Id. at 976 (citing Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997)). In his brief, Torres argues that his conviction and sentence are invalid because the government failed to allege in its indictment, much less prove beyond a reasonable doubt, that

---

[8](...continued)
the appropriate court of appeals for an order authorizing the district court to consider the application."

he possessed D-methamphetamine. (Aplt. Br. at 11-13.) Torres forthrightly acknowledges that he raised a very similar argument in his first § 2255 petition, which we rejected, see United States v. Torres, 82 F.3d 427, 1996 WL 187518, at *2 (10th Cir. Apr. 18, 1996) (unpublished), but he argues that various decisions in the Apprendi family of cases, including Apprendi, Castillo v. Untied States, 530 U.S. 120 (2000), Jones v. United States, 526 U.S. 227 (1999), and United States v. Keeling, 235 F.3d 533 (10th Cir. 2000), overruled our previous holding and should be applied retroactively to his case. (Aplt. Br. at 16.) Torres's argument, however, ignores the fact that we have expressly held that Apprendi does not apply retroactively to successive § 2255 petitions. See United States v. Browning, 241 F.3d 1262, 1265 (10th Cir. 2001) (en banc). Consequently, he is not entitled to raise these Apprendi-based claims in a second § 2255 petition. See id. at 1266; 28 U.S.C. § 2255.

Accordingly, we **AFFIRM** the district court's denial of relief and **DENY** the implied application for leave to file a second § 2255 petition. Nonetheless, we grant Torres's motion to proceed in forma pauperis on this appeal.[9]

---

[9]Torres also filed with this court an Application for Certificate of Appealability (COA). However, a COA was not required under either of the district court's alternative dispositions (e.g., denial of relief sought under the All Writs Act or reclassification and transfer to this court under 28 U.S.C. § 1631 for possible certification under 28 U.S.C. § 2244(b)(3)(A)). See United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999).