UNITED STATES of America, Plaintiff,

v.

Elwood H. DAVIS, Jr., a/k/a Rick Parsons, et al., Defendant.

No. 01–20131–01–JWL.

United States District Court, D. Kansas.

May 5, 2003.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Elwood H. Davis, Jr. ("Mr. Davis"), pled guilty to three counts of bank robbery and this court sentenced him to a 57–month term of imprisonment. Subsequently, Mr. Davis filed a series of post-conviction motions seeking various forms of relief (Docs. 28, 35, 38–40). The matter is before the court on these motions, which the court denies in their entirety.

## BACKGROUND

On October 18, 2001, a grand jury indicted Mr. Davis on four counts of bank robbery in violation of 18 U.S.C. § 2113. On December 10, 2001, he pled guilty to three of those counts. On April 29, 2002, the court sentenced Mr. Davis to a 57–month term of imprisonment, three years supervised release, and $12,365 restitution. The court entered judgment on April 30, 2002. Mr. Davis did not file a notice of appeal.

On October 4, 2002, Mr. Davis filed a motion to reduce his sentence, apparently under Federal Rule of Criminal Procedure 35 (Doc. 28). Mr. Davis' motion is largely incoherent and the basis for his requested relief is at best, unclear. In any event, the government filed a response to the motion on October 30, 2002, and Mr. Davis filed a reply on November 25, 2002. Mr. Davis' reply fails to clarify the basis of his original motion.

On December 20, 2002, nearly one year after he pled guilty and nearly seven months after the court entered his sentence, Mr. Davis filed a motion in limine to exclude the government's documentary evidence at trial (Doc. 35). Mr. Davis failed to serve a copy of that motion on the government. As such, on December 23, 2002, the court issued a minute order requiring the Clerk of the District Court to provide a copy of the motion to the government. The court further cautioned Mr. Davis that he would need to serve future motions on all parties and include a certificate of service verifying that act.

On January 27, 2003, Mr. Davis filed a motion to transfer the proceedings to another district based on pre-trial publicity (Doc. 38). Similarly, on January 31, 2003, Mr. Davis filed a motion for change of venue (Doc. 40) based on the same publicity. Again, Mr. Davis failed to serve these motions on the government. On February 4, 2003, the court issued a notice and order requiring Mr. Davis to show good cause on or before February 21, 2003, why his motion for transfer and motion for change of venue should not be stricken for failure to comply with Federal Rule of Criminal Procedure 49(a). Mr. Davis did not respond to the court's order.[1]

Though Mr. Davis did not file a notice of appeal, on January 29, 2003, he filed a motion for an order staying or suspending execution of his judgment of conviction (Doc. 39), pending appeal.

## DISCUSSION

### I. Motion for Sentence Reduction Under Fed.R.Crim.P. 35 and 32

Mr. Davis filed a motion to reduce his sentence under Fed.R.Crim.P. 35 and 32. His motion, however, fails to identify any clear or coherent basis for relief under these rules. As such, the court must deny the motion.

■■■ First, the court finds that Mr. Davis is not entitled to relief under Fed. R. Crim. P. 35. Specifically, he is not entitled to relief under Rule 35(a) because the case is

---

1. Mr. Davis filed a motion captioned "Petitioners Response Rebuttal..." (Doc. 43) on February 24, 2003. The Clerk of the District Court docketed the "response" as an answer to the court's show cause order. A review of this document, however, reveals that it does not attempt to respond to the court's show cause order.

not before this court on remand from the Tenth Circuit.[2] *See* Fed.R.Crim.P. 35(a) (permitting trial court to grant relief on remand). Additionally, he is not entitled to relief under Rule 35(b) because the government has not moved to reduce his sentence. *See* Fed. R. Crim. P. 35(b) (permitting court to reduce sentence upon *government's* motion when defendant substantially cooperated with government). Finally, Mr. Davis is not entitled to relief under Rule 35(c) both because he did not file the present motion within seven days from the date of his sentencing and because he failed to identify any arithmetical, technical or other plain error. *See* Fed.R.Crim.P. 35(a) (permitting the court to correct a sentence that resulted from arithmetical, technical, or other clear error, within seven days after sentencing).[3]

Second, the court finds that Mr. Davis is not entitled to relief under Fed.R.Crim.P. 32(c). Mr. Davis moved for relief under Fed.R.Crim.P. 32(c)(3)(B), (C), (D) and (E). Rule 32(c) requires that the district court take certain measures before imposing a sentence. Mr. Davis does not explain how the trial court failed to comply with these provisions and, therefore, the court denies relief on these grounds.[4] In his motion, Mr. Davis seems to take issue with his plea agreement, though the nature of his complaint is unclear. To the extent Mr. Davis intended to move to withdraw his plea under Rule 32(e)[5], the court must also deny the motion because it was filed after the court imposed his sentence. *See* Fed.R.Crim.P. 32(e) (recognizing that a defendant may file a motion to withdraw a plea of guilty *before* sentence is imposed).

In any event, Mr. Davis has failed to allege sufficiently any facts that would entitle him to relief under the Federal Rules of Criminal Procedure. As such, the court denies his motion in its entirety.

## II. Motions for Transfer and Change of Venue

In his motions for transfer and change of venue, Mr. Davis suggests that he cannot receive a fair trial because unfair pre-trial publicity has prejudiced potential jurors. Besides the fact that the motions are moot in light of his plea agreement, Mr. Davis has

2. Effective December 1, 2002, an amendment to Rule 35 deleted former subsection (a), which addressed motions to correct a sentence upon remand. Former subsection (c), which addressed a defendant's motion to correct a sentence, is now found at subsection (a). Though *substantially redrafted,* the amended version of Rule 35 does not affect the outcome of Mr. Davis' motion. The court analyzes Mr. Davis' motion under former Rule 35 (as it existed before December 1, 2002) as his motion predates the effective date of the 2002 amendments.

3. The court does not construe Mr. Davis' request as a motion under 28 U.S.C. § 2255 both because it does not appear he is trying to state a claim under that section and out of concern that it would prejudice future claims. The Antiterrorism and Effective Death Penalty Act of 1996 amended the statute to prohibit successive § 2255 motions. If this court construed Mr. Davis' motion under § 2255, any future motion could be barred as successive. *See United States v. Torres,* 282 F.3d 1241, 1245–46 (holding that district courts should only recharacterize a motion as a § 2255 petition where (1) the petitioner, having been made aware of the risks associated with recharacterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under § 2255 and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized, in light of prohibition on successive petitions). The court recognizes that the one-year statute of limitation period for filing a § 2255 motion has expired, if the limitation period commenced on the date Mr. Davis' conviction became final. However, the date of accrual differs depending on the nature of the claim. *See* 28 U.S.C. § 2255 ¶ 6(2)–(4). Because the court cannot conclude that all of Mr. Davis' potential § 2255 claims are time barred, it is not willing to prejudice his right *to assert future claims by construing the* present motion under § 2255.

4. To the extent that Mr. Davis is challenging information or content included in his Presentence Investigation Report, the court lacks subject matter jurisdiction over the challenge. *United States v. Warner,* 23 F.3d 287, 290 (10th Cir. 1994) (finding that Rule 32(c)(3)(D) cannot provide a district court with jurisdiction to hear challenges to a presentence report after it has imposed sentence).

5. Effective December 1, 2002, the Advisory Committee amended Rule 32 by deleting subsection (e) and inserting that provision into Rule 11(e).

failed to show good cause why these motions should not be stricken for failure to comply with Fed.R.Crim.P. 49(a). As such, the court denies these motions in their entirety.

### III. Motion to Stay or Suspend Execution of Judgment and Motion in Limine

Mr. Davis filed a motion in limine to exclude certain documentary evidence he anticipated the government would use at trial. Mr. Davis, however, waived his right to trial when he executed a plea agreement with the government. As such, the court denies as moot his motion to exclude evidence at trial.

Mr. Davis also filed a motion to stay or suspend execution of judgment of conviction and sentence. In the motion, he requests that the court stay or suspend judgment "pending the determination of his appeal." Under Fed. R.App. P. 4(b)(1)(A), Mr. Davis was required to file a notice of appeal "within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Mr. Davis failed to file such notice and no appeal is pending. As such, the court denies as moot the motion to stay or suspend execution of judgment of conviction pending appeal.

Finally, the court observes that despite repeated warnings, Mr. Davis has continued to file motions without serving them in compliance with Fed.R.Crim.P. 49. Should Mr. Davis file any future motion without certifying that he has served it on the appropriate parties, the court will strike the motion from the record without further notice. Additionally, four out of the five motions addressed in this order were frivolous. In the future, the court will reject summarily any frivolous motion filed in this proceeding.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motions for relief (Docs 28, 35, 38–40) are denied.