FILED
United States Court of Appeals
Tenth Circuit

January 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ESTAC L. LOVE,

Defendant-Appellant.

No. 07-5126
(D.C. No. 99-CR-012-TCK-FHM)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

The defendant appeals the district court's denial of his "Motion for
Reversal of Conviction Pursuant to 28 U.S.C. § 1651," in which he sought
coram nobis relief. He challenged sentences imposed in 2000 for violation

---

[*] This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

of 18 U.S.C. § 924(c), arguing that the sentences violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also argued that the total term of incarceration imposed of 146 years constituted cruel and unusual punishment.

The district court concluded that the defendant could not challenge his sentences through a petition for a writ of coram nobis. We affirm.

"As courts have explained, a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). On appeal, the defendant argues that the district court erroneously reached its decision on constitutional grounds rather than statutory grounds, and that § 924(c) creates a separate offense and is not a sentencing factor. Because the defendant is still in custody and is challenging the sentences he is currently serving, the district court did not err in denying relief.

**AFFIRMED**.

ENTERED FOR THE COURT

PER CURIAM