**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-6878**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID HILL,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:01-cr-00191-CMH-1)

———————————

Submitted:  October 14, 2010      Decided:  October 22, 2010

———————————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David Hill, Appellant Pro Se.  Dabney P. Langhorne, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Hill appeals the district court's order construing his petition for a writ of audita querela as a motion for reconsideration and denying it. We have reviewed the record and find no reversible error.

In his petition, Hill challenged the validity of his conviction in light of the Supreme Court's decision in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009). We conclude that the petition was tantamount to a successive, unauthorized motion under 28 U.S.C.A. § 2255 (West Supp. 2010), over which the district court lacked jurisdiction. The fact that Hill cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter our conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C.[A.] § 2255.") (internal quotation marks omitted).

Accordingly, we affirm the denial of relief. Further, we deny Hill's requests for an en banc hearing and for a certificate of appealability. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED