FILED
United States Court of Appeals
Tenth Circuit

January 18, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SHAUNE COREY PAYNE,

      Defendant - Appellant.

No. 10-5111
(D.C. No. 4:08-CR-00154-TCK-1)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Shaune Corey Paine (Defendant), a federal prisoner in Texas, appeals the district court's denial of his motion for writ of error *coram nobis* to vacate his conviction. We affirm because the remedy of *coram nobis* is available only to those no longer in federal custody.

**I.    BACKGROUND**

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A grand jury indicted Defendant in the United States District Court for the Northern District of Oklahoma on one count of knowingly and intentionally possessing with the intent to distribute 50 grams or more of a substance containing detectable amounts of cocaine base. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). He pleaded guilty and was sentenced on February 10, 2009, to 120 months' imprisonment.

Defendant did not appeal his conviction or file a motion for relief under 28 U.S.C. § 2255. But on September 1, 2010, he filed a motion for writ of error *coram nobis* under 28 U.S.C. §1651(a). He asserted that he was not guilty and had pleaded guilty only because his counsel had advised him that doing so would "reduce the possible time he would get if he were to go to trial." R., Vol. 1 at 13. He further claimed that his rights had been violated by three Tulsa police officers who had worked with two law-enforcement officers (one of whom was a federal agent) who were later indicted by a grand jury for "planting drugs on other persons." *Id.* Defendant did not allege, however, that either of the indicted officers had been involved in his case. Defendant also moved for appointment of counsel and for his release pending the district court's ruling on his motion for writ of error *coram nobis*.

On September 10, 2010, the district court denied Defendant's motions but directed the clerk of the court to send a copy of his motion for writ of error *coram nobis* to Special Attorney Jane W. Duke "so that [she] may determine whether

th[e] matter merit[ed] further investigation." *Id.* at 21. Defendant filed a timely notice of appeal.

## II.    DISCUSSION

Federal courts are authorized to issue a writ of *coram nobis* in criminal cases, but "this extraordinary remedy . . . is available only to correct errors that result in a complete miscarriage of justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citation and internal quotation marks omitted). And, importantly, a prisoner cannot use the writ to challenge a sentence or conviction that he is serving. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Because Defendant remains in federal custody on his 2009 conviction, the district court correctly denied his motion. We decline to construe his motion as one under § 2255 because it was not filed within one year of his conviction's becoming final. *See* 28 U.S.C. § 2255(f).

## III.    CONCLUSION

We AFFIRM the order of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge