FILED
United States Court of Appeals
Tenth Circuit

February 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JERRY L. GRIST,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 10-7086
(D.C. Nos. 6:07-CV-00117-RAW and
6:05-CR-00064-RAW-1)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Jerry Grist, a federal prisoner proceeding *pro se*, seeks to challenge his 2005 conviction for possession of methamphetamine by writ of *coram nobis*, or, in the alternative, writ of *audita querela*. He says that newly discovered evidence demonstrates that a government witness perpetrated a "fraud on the court" at a pre-trial suppression hearing, and so asks us to vacate the resulting conviction.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Although we construe Mr. Grist's papers liberally, we cannot overlook his petition's fatal flaw. A petitioner may not resort to the writs of *coram nobis* or *audita querela* when other remedies are available, such as a motion to vacate a sentence under 28 U.S.C. § 2255. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). As Mr. Grist is a prisoner in federal custody, the exclusive remedy for testing the validity of his conviction is that provided by motion under § 2255 — that is, unless he can show that remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). We cannot discern any reason why the remedy provided by § 2255 is inadequate or ineffective to test Mr. Grist's conviction. The fact that he faces procedural obstacles to bringing a second or successive § 2255 motion, *see* § 2255(h), is no basis for invoking the ancient writs. *See Torres*, 282 F.3d at 1246 ("To allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode [§ 2255's] procedural restraints.").

The denial of the motion is *affirmed.*

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge