FILED
United States Court of Appeals
Tenth Circuit

December 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ADRIAN MATA RODRIGUEZ,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 11-3297
(D.C. No. 5:11-CV-03157-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

      Defendant-Appellant, Adrian Mata Rodriguez, appeals the district court's

dismissal of his 28 U.S.C. § 2241 petition challenging the legality of his

conviction for possession and distribution of methamphetamine, illegal possession

of a firearm, and unlawful reentry. Aplt. Br. 5-7. Jurisdiction is proper pursuant

to 28 U.S.C. § 1291, and we affirm. See Memorandum and Order, Mata

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Rodriguez v. United States, No. 11-3157-RDR (D. Kan. Sept 8, 2011).

On January 30, 2010, Mr. Mata Rodriguez sold methamphetamine to a police informant at an address in Kansas City, Kansas. Aplt. Br. 3. The informant was a methamphetamine dealer who assisted the police to reduce charges against himself. Aplt. Br. 2. Four days later, police executed a search warrant of the house where the sale took place, and recovered methamphetamine and firearms. See United States v. Mata-Rodriguez & Ponce-Acedo, Nos. 10-3272, 10-3273, 2011 WL 5009858, at *1 (10th Cir. Oct. 21, 2011). Police stopped Mr. Mata Rodriguez with his co-defendant in a car a few blocks away from the house, and they were arrested; later, police found methamphetamine stashed in a seatbelt hole in the patrol car used to transport him. Id.; Aplt. Br. 3-4.

We review the district court's dismissal of a § 2241 petition de novo. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). Mr. Mata Rodriguez argues that the case against him was based on information from an untested informant who was trying to escape prosecution himself, and therefore unreliable. Aplt. Br. 5-6. He also argues that, since he was merely a passenger in the car where police found the drugs, the drugs cannot be automatically attributed to him. Id. at 6-7.

We agree with the district court that Mr. Mata Rodriguez incorrectly brought this action under 28 U.S.C. § 2241. This court recently stated that

- 2 -

"Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him . . . . Meanwhile, § 2241 petitions . . . are generally reserved for complaints about the *nature* of a prisoner's confinement . . . ." Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011). Furthermore, a § 2241 petition must be filed in the district where the prisoner is confined. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Here, Mr. Mata Rodriguez is incarcerated in New Jersey, and not in Kansas. Further, in order to challenge the legality of his conviction, he must file a § 2255 motion. The district court did not err in failing to construe his petition as a § 2255 motion because it is left to the discretion of the district court to do so. See Prost, 636 F.3d at 581. In fact, this court discourages district courts from recharacterizing petitions as § 2255 petitions "largely out of concern that a subsequent § 2255 motion would be considered successive and barred under ADEPA . . . ." United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal quotations omitted). Therefore, we AFFIRM.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -