**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7017**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LOUIS ANDREW GUARASCIO,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge. (5:04-cr-00045-F-2)

_____

Submitted: August 16, 2012      Decided: August 21, 2012

_____

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis Andrew Guarascio, Appellant Pro Se.  John Howarth Bennett, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Andrew Guarascio appeals the district court's order denying his self-styled "Petition for Writ of Audita Querela, § 1651; Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction and Failure to Charge an Offense, F.R.Cr.P.12(b)(2); Alternatively, Motion to Arrest Judgment, Fed.R.Cr.P.34(a)" seeking collateral review of his convictions on federal bank robbery and firearms charges and 690-month sentence. We have reviewed the record and find no reversible error.

Although the district court addressed Guarascio's claims for relief on the merits, we conclude that the petition and associated motions were tantamount to a successive, unauthorized motion under 28 U.S.C.A. § 2255 (West Supp. 2012), over which the district court lacked jurisdiction. The fact that Guarascio cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter our conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to

2

vacate sentence under 28 U.S.C.[A.] § 2255." (internal quotation marks omitted)).

Accordingly, we affirm the district court's denial of relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3