**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7316**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COLLIER DOUGLAS SESSOMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   W. Earl Britt, Senior District Judge.  (7:06-cr-00063-BR-1)

Submitted:  November 13, 2012       Decided:  November 15, 2012

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Collier Douglas Sessoms, Appellant Pro Se.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Collier Douglas Sessoms, a federal prisoner, appeals the district court's order dismissing his self-styled "Motion for [a] Writ of Coram Nobis," which the court construed as a petition for a writ of audita querela brought under 28 U.S.C. § 1651(a) (2006).[*] Finding no reversible error, we affirm.

A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.

---

[*] "Writs of audita querela and coram nobis are similar, but not identical." United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (internal quotation marks omitted). "Usually, a writ of coram nobis is used to attack a judgment that was infirm at the time it issued, for reasons that later came to light." Id. (internal quotation marks and alteration omitted). A writ of audita querela, by contrast, "is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." Id. (internal quotation marks omitted). Sessoms' petition, which challenges his convictions and sentence following his guilty plea to transmission of child pornography and transportation of obscene matters over the Internet, appears to seek relief in the form of writs of error coram nobis and audita querela.

2

Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

Sessoms is currently in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a § 2255 motion. Although Sessoms' present challenges were not raised in his § 2255 motion, he has not sought authorization from this court to file a second or successive § 2255 motion. As Sessoms fails to establish the grounds needed to obtain relief under either writ, we affirm the district court's judgment. We deny Sessoms' motion to extend the filing time for new evidence and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3