FILED
United States Court of Appeals
Tenth Circuit

February 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAULINO PUENTES FRAIRE,

    Defendant - Appellee.

No. 12-6096
(D.C. No. 5:08-CR-00188-L-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, EBEL**, and **MURPHY**, Circuit Judges.

Defendant-Appellant Paulino Fraire appeals the district court's decision denying

him relief from his 2008 conviction for making a false statement in his passport

application. We affirm.[1]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court did not abuse its discretion in granting Fraire's motion, made pursuant to Fed. R. App. P. 4(a)(5), to extend the time to file his notice of appeal. See Tarabishi v. McAlester Reg'l Hosp., 951 F.2d 1558, 1563 n.3 (10th Cir. 1991) (recognizing district court has broad discretion in ruling on motion to extend time to file notice of appeal).

Fraire, in August 2008, pled guilty to knowingly making a false statement in his passport application. The district court sentenced Fraire to one year probation, a $100 special assessment, and a $1,000 fine. Fraire has now fully discharged his sentence.

After Fraire's conviction became final, the Supreme Court, in Padilla v. Kentucky, 130 S. Ct. 1473 (2010) (to be reported at 559 U.S. 356), held that defense counsel must inform a defendant if, by pleading guilty, he risks deportation. See id. at 1486. In light of Padilla, Fraire petitioned for a writ of audita querela vacating his conviction, alleging that his attorney failed to advise him that, by pleading guilty to making a false statement in his passport application, Fraire would be deported.[2] The district court, however, correctly denied Fraire relief because Padilla does not apply retroactively to individuals whose convictions, like Fraire's, became final before the Supreme Court decided Padilla. See Chaidez v. United States, --- S.Ct. ---, 2013 WL 610201, at *3, *10 (U.S. Feb. 20. 2013) (No. 11-820); United States v. Chang Hong, 671 F.3d 1147, 1148 (10th Cir. 2011).

Fraire's notice of appeal was, therefore, timely. While that notice of appeal indicated that Fraire was appealing the district court decision denying him collateral relief from his 2008 conviction, it did not indicate that he was also appealing the district court's later decision denying Fraire's application to file a motion for reconsideration out of time. We, therefore, do not address Fraire's challenge to the denial of that application. See Fed. R. App. P. 3(c)(1)(B) (requiring notice of appeal to identify the decisions appealed). Even if we did consider the district court's denial of Fraire's application to file a motion for reconsideration out of time, however, we would affirm that decision.

[2] We assume without deciding, for purposes of this appeal, that Fraire can obtain the relief he seeks through a writ of audita querela. See United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

We, therefore, affirm the district court's decision denying Fraire relief.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge