FILED
United States Court of Appeals
Tenth Circuit

October 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADRIANA IVETTE ESTRADA,

    Defendant - Appellant.

No. 14-2090
(D.C. No. 2:13-CR-01281-RB-1)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, McKAY**, and **MATHESON**, Circuit Judges.

Adriana Estrada entered a plea agreement and pled guilty to one count of

importing marijuana from Mexico and one count of possession of marijuana with intent

to distribute. On August 20, 2013, she was sentenced to time served and two years of

supervised release. That same day, the Department of Homeland Security initiated

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal proceedings against her. She is a Mexican citizen and had been a lawful permanent resident.

On September 24, 2013, Ms. Estrada filed a motion for a writ of coram nobis to vacate her conviction based on ineffective assistance of counsel. The district court, adopting the magistrate judge's Proposed Findings and Recommended Disposition, denied the motion, concluding Ms. Estrada had not established ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Ms. Estrada appeals.

A coram nobis request under the All Writs Act, 28 U.S.C. § 1651(a), may be considered when the movant is not in custody and therefore ineligible for habeas corpus relief under 28 U.S.C. § 2255. *See Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013); *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013). But a movant serving a term of supervised release remains "in custody" for purposes of § 2255, *see United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004), and cannot file a coram nobis proceeding, *see United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis.").

Although Ms. Estrada's incarceration had ended when she filed her motion, she remained on supervised release and was therefore ineligible to file for a writ of coram nobis. We affirm.[1]

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

_____

[1] We may affirm the district court's judgment on an alternative ground supported in the record. *United States v. Winningham*, 140 F.3d 1328, 1332 (10th Cir. 2013) ("[W]e may affirm the district court on a wholly different basis so long as our decision finds support in the record.").

We are permitted to affirm the district court even on an issue the litigants failed to raise below. "Whether to address [an] argument despite the litigant's failure to raise it below is subject to this court's discretion based on the circumstances of the individual case." *United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). For example, "the Supreme Court has indicated appellate courts might be justified in resolving an issue for the first time on appeal 'where the proper resolution is beyond any doubt or where injustice might otherwise result.'" *Id.* (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Although the Government failed to raise in the district court that Ms. Estrada was "in custody" at the time of her petition, we exercise our discretion to affirm on this ground.