**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-6536**

KAMIL JOHNSON,

                    Petitioner - Appellant,

        v.

WARDEN, W. E. MACKELBURG,

                    Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Richard Mark Gergel, District Judge.  (0:20-cv-00176-RMG)

Submitted:  August 25, 2020                    Decided:  August 28, 2020

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kamil Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamil Johnson, a federal prisoner,[1] appeals the district court's order adopting the magistrate judge's recommendation and denying relief on his 28 U.S.C. § 2241 petition in which he sought to challenge his criminal judgment by way of the savings clause in 28 U.S.C. § 2255.[2] Pursuant to § 2255(e), a prisoner may challenge his conviction or sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the

---

[1] As a federal prisoner, Johnson need not obtain a certificate of appealability to appeal the district court's order. 28 U.S.C. § 2253(c)(1).

[2] Insofar as Johnson also made passing references to the All Writs Act, 28 U.S.C. § 1651(a), that statute does not provide a colorable vehicle for Johnson's claims. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (internal quotation marks omitted)); *United States v. Swaby*, 855 F.3d 233, 238 (4th Cir. 2017) (discussing availability of remedy); *United States v. Torres*, 282 F.3d 1241, 1245 & n.6 (10th Cir. 2002) (same).

sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error, as Johnson can satisfy neither the *Jones* test nor the *Wheeler* test. Accordingly, we affirm substantially for the reasons stated by the district court. *Johnson v. Mackelburg*, No. 0:20-cv-00176-RMG (D.S.C. Mar. 20, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*