FILED
United States Court of Appeals
Tenth Circuit

September 10, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

THANH NGUYEN, also known as
Zach,

     Defendant - Appellant.

No. 09-3030
(D. Kan.)
(D.Ct. No. 6:08-CR-10002-WEB-7)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th

Cir. R. 34.1(G). We accept this case for submission on the briefs.

Thanh Nguyen entered into a plea agreement with the government, pursuant

to which he agreed to plead guilty to two (of nineteen) drug-related counts and

waived his right to appeal from his conviction or sentence. Notwithstanding this

waiver, Nguyen seeks to appeal from a two-level enhancement he received at

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation --
(unpublished). 10th Cir. R. 32.1(A).

sentencing for possession of a firearm in furtherance of drug trafficking. The

government filed a motion to enforce the appeal waiver. We grant the

government's motion and dismiss this appeal without reaching the merits.

## I. BACKGROUND

Nguyen was indicted, along with 19 others, in a 94-count indictment. He

was charged with one count of conspiracy to distribute ecstasy;[1] one count of

possession with intent to distribute ecstasy; and 15 counts of using a

communication facility in causing or facilitating the conspiracy to distribute and

distribution of ecstasy. A superseding indictment added another count of

possession with intent to distribute ecstasy and possession of a firearm in

furtherance of drug trafficking.

On September 18, 2008, Nguyen reached a plea agreement with the

government pursuant to which he agreed to plead guilty to two counts of unlawful

use of a communication device in violation of 21 U.S.C. § 843(b) and 18 U.S.C.

§ 2 (Counts 75 and 76 of the superseding indictment) in exchange for the

dismissal of the remaining counts. The plea agreement contains the following

paragraphs relevant to this appeal:

> **3. Application of the Sentencing Guidelines.** The parties
> request that the United States Sentencing Guidelines (Guidelines) be
> applied by the Court to calculate the applicable sentence in this case
> and that a sentence consistent with the Guidelines be imposed by the
> Court. The defendant further waives any right to have facts that

---

[1] Ecstasy is the common name for Methylenedioxymethamphetamine or MDMA.

determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department . . . .

    **4. Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level of Counts 75 and 76 in accordance with [USSG] §1B1.3.

    **5. Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees: . . .

    e.    The parties agree that the two counts will be run consecutively to each other and both parties will present argument concerning relevant conduct.

***

    **10. Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein . . . . The defendant is aware that [18 U.S.C. § 3742] affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court . . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court . . . .

(R. Vol. I at 144-46, 148.)

After Nguyen signed the plea agreement and the petition to enter plea, the

court held a change-of-plea hearing, at which the following exchange took place:

> THE COURT:  You understand by pleading guilty, you're waiving all of the arguments you've previously made in pretrial motions, or that you could have made, and that you will not be able to raise these arguments to challenge your conviction?

> THE DEFENDANT:  Yes, your Honor.

> THE COURT:  And you understand by entering a free and voluntary plea of guilty you maybe [SIC] giving up any right to challenge your conviction on appeal?

> THE DEFENDANT:  Yes, your Honor.

> THE COURT:  You understand that a plea of guilty . . . could subject you on each of these counts to a maximum possible punishment of four years imprisonment . . . .  And you understand that the penalties for these two offenses could be cumulative; that is, one after the other, meaning the plea of guilty could subject to you to a maximum possible punishment of eight years imprisonment?

> THE DEFENDANT:  Yes, your Honor.

> ***

> THE COURT:  And you understand that the sentence you will receive is . . . solely a matter of control of the judge?

> THE DEFENDANT:  Yes, your Honor.

> ***

> THE COURT:  And do you further understand that in determining the sentence to impose, the Court may take into account all relevant

-4-

criminal conduct, which may include counts to which you have not pleaded guilty or been convicted?

THE DEFENDANT: Yes, your Honor.

(R. Vol. III at 116-19.) The court reviewed the plea agreement paragraph-by-paragraph with Nguyen, noting "the two counts will be run consecutive to each other, and both parties will present argument concerning relevant conduct." (*Id.* at 120-21.) Defense counsel stated: "[W]e understand that the Court will consider relevant conduct in determining what sentence is appropriate to impose in this case." (*Id.* at 121.) The court accepted Nguyen's plea, finding it was made "freely, voluntarily, and because he is guilty as charged and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences." (*Id.* at 126.)

The United States Probation Office then prepared a presentence report (PSR) which determined Nguyen's total offense level was 31, representing a base offense level of 32, a two-level enhancement for a possession of a firearm and a three-level reduction for acceptance of responsibility.[2] Nguyen's criminal history placed him in category III, resulting in a guideline range of 135 to 168 months imprisonment, reduced to a statutory maximum of 4 years on each count.

Nguyen objected to the two-level enhancement for possession of a firearm. He acknowledged the firearm was seized from his residence, but argued there was

---

[2] All references to the United States Sentencing Guidelines are to those effective May 1, 2008.

no evidence to suggest he conducted any drug transactions at his residence and argued it was highly improbable the gun was related to his drug offenses. The government argued the enhancement was appropriate and the probation officer agreed. Prior to sentencing, Nguyen filed a sentencing memorandum requesting a sentence below the guideline range.

On January 16, 2009, the court held a sentencing hearing at which Karrina Brasser, a detective with the Sheriff's Department testified regarding the events surrounding Nguyen's arrest. When Nguyen was arrested at his house, the officers observed a firearm and $1,700 in cash on the dresser next to Nguyen's bed. A small quantity of ecstasy was also discovered in Nguyen's house, though not in his bedroom. The prosecution asked Brasser whether she "form[ed] an opinion as to why Thanh Nguyen . . . would have a firearm in his bedroom[.]" (R. Vol. III at 81.) Brasser replied: "[M]ost of the people that I bought drugs from carried weapons to protect their pills and/or money from other people, and . . . when the officers went downstairs, [the firearm] was not in a gun case, it wasn't in the closet; it was laying accessible on the dresser next to the bed with the money." (*Id.*) The prosecution asked: "[I]n your opinion, was that gun possessed to protect [Nguyen] or his drugs or his money in this drug case?" (*Id.* at 81-82.) Brasser answered: "Yes, it was." (*Id.* at 82.) The court denied Nguyen's objection to the firearm enhancement because it concluded "the gun was likely connected to the defendant's drug trafficking activity." (*Id.* at 96.)

Following the sentencing hearing, the court issued a written memorandum and order supplementing its oral rulings. In rejecting Nguyen's objection to the firearm enhancement, the court explained:

> The dangerous-weapon enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the [drug] offense." U.S.S.G. § 2D1.1, cmt. n. 3. "The government bears the initial burden of proving possession of the weapon by a preponderance of the evidence." *United States v. Williams*, 431 F.3d 1234, 1237 (10th Cir. 2005). "This burden is satisfied when the government demonstrates that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *Id.* Moreover, "the government need only show that the weapon was found in the same location where drugs or drug paraphernalia [were] stored." *Id.* If the government meets its burden, then the defendant must "show that it is clearly improbable the weapon was connected with the offense." *Id.* at 1238. "For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1 cmt. n. 3.
>
> In this instance, the gun was found on a dresser in the defendant's bedroom on January 24, 2008, together with $1,700 in cash. A small quantity of Ecstasy pills was also found in another room in the basement. Based on the circumstances, including the defendant's likely continuing course of conduct involving Ecstasy sales, the court concludes that the gun was likely connected to the defendant's drug trafficking activity. Accordingly, the defendant's objection is denied.

(R. Vol. I at 172-74.)

The court sentenced Nguyen to 48 months imprisonment on each count to run consecutively. Nguyen filed a timely notice of appeal. The government filed a timely motion to enforce the appeal waiver pursuant to 10th Cir. R. 27.2(A). In response, Nguyen argued his appeal is not within the scope of the appeal waiver

and his plea was not knowing or voluntary. We issued an order referring the government's motion to the merits panel and setting a briefing schedule.

## II. DISCUSSION

Nguyen seeks to argue one issue on appeal—he contends the district court erred in applying the firearm enhancement in determining the applicable sentencing guideline range because the court's factual findings "were either not supported by the record or, as a matter of law, insufficient to establish the requisite time-space nexus . . . ." (Appellant's Opening Br. at 4.) The government contends Nguyen knowingly and voluntarily waived any right to appeal from his within-guidelines sentence and the appeal waiver should be enforced under the standard set forth in *United States v. Hahn*, 359 F.3d 1315, 1324-28 (10th Cir. 2004) (en banc).

In deciding whether to enforce a waiver of appeal, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325. Nguyen does not contend enforcing his wavier would result in a miscarriage of justice. Thus, we consider only whether this appeal falls within the scope of the waiver and whether Nguyen knowingly and voluntarily waived his appellate rights.

A. Scope of Waiver

-8-

We first consider "if the disputed appeal falls within the scope of the appellate waiver. In determining a waiver's scope, we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Hahn*, 359 F.3d at 1325 (quotations and citations omitted). Here, Nguyen agreed to a very broad waiver of his appellate rights. Paragraph 10 of the plea agreement states: "The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence imposed herein . . . ." (R. Vol. I at 148.)

Nguyen argues his appeal falls outside the scope of this waiver because "the parties specifically contemplated a legitimate dispute regarding the impact of relevant conduct at sentencing[.]" (Appellant's Response to Mot. to Enforce Plea Agreement at 1.) Paragraph 5 of the plea agreement states: "The parties agree that the two counts will run consecutively to each other and both parties will present argument concerning relevant conduct." (*Id.* at 145-46.)

We rejected a similar argument in *United States v. Johnson*, No. 09-6034, 2009 WL 1164736 (10th Cir. May 1, 2009) (unpublished).[3] In *Johnson*, the defendant argued he retained the right to appeal from the district court's loss determination, which was used to calculate the length of his sentence and the

---

[3] *Johnson* and the other unpublished orders and judgments we cite are non-binding and can guide our decision only insofar as they are persuasive. 10th Cir. R. 32.1(A).

amount of restitution imposed, because the plea agreement stated "the parties reserved the right to advocate for, and present evidence relevant to, the amount of loss attributable to the defendant." *Id.* at *1 (quotations omitted). We explained this language "relates to what the parties may raise to the Probation Office and the district court during the sentencing process. There is no language in the plea agreement carving out an exception for [the defendant] to appeal from the district court's ultimate determination on the amount-of-loss issue." *Id.* (citation omitted).

Similarly here, there is no language in Nguyen's plea agreement carving out an exception for him to appeal from the district court's determination of relevant conduct. On the contrary, the plea agreement states: "The defendant . . . agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay[.]" (R. Vol. I at 144-45.) At sentencing, the district court found by a preponderance of the evidence that "the gun was likely connected to the defendant's drug trafficking activity" and thus rejected Nguyen's objection to the firearm enhancement. (R. Vol. III at 96.) Nguyen's challenge to the application of this enhancement is clearly within the scope of the appeal waiver.[4]

---

[4] In his reply brief, Nguyen argues "[t]his appeal involves an improper upward departure from the applicable guideline range resulting from the incorrect calculation of the appropriate offense level . . . ." (Appellant's Reply Br. at 1.) Nguyen's

B.  Knowing and Voluntary

We next consider whether Nguyen "knowingly and voluntarily waived his appellate rights."  *Hahn*, 359 F.3d at 1325.

> When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors.  First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily.  Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

*Id.* (citation omitted).  "The defendant bears the burden to demonstrate that [his] waiver was not knowing and voluntary."  *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007).

The plea agreement specifically states Nguyen entered into the agreement "knowingly and voluntarily."  (R. Vol. I at 148.)  Nonetheless, Nguyen argues statements made by the district court at his plea colloquy created ambiguity as to whether his waiver was knowing and voluntary.  During the colloquy, the district court used the term "conviction" rather than "conviction and sentence" when discussing Nguyen's appeal waiver.  Nguyen argues as a result of this ambiguity, he should be allowed to proceed with this appeal, which challenges the calculation of his sentence.

---

characterization of his sentence as a departure sentence is incorrect.  "[W]hen a court reaches a sentence above or below the recommended Guideline range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a 'departure.'"  *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007).  Here, the court sentenced Nguyen to a sentence within the guidelines range. Thus, the sentence is not a departure.

-11-

Our case law is to the contrary. "[A] sentencing court's statements made *after* the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver to create ambiguity where none exists in the written plea agreement." *United States v. Wilken*, 498 F.3d 1160, 1167 (10th Cir. 2007) (quotations omitted). In *Smith*, we rejected the defendant's argument that her appeal waiver was not knowing and voluntary because, at the end of the plea hearing, the district court mistakenly indicated she retained her appellate rights. 500 F.3d at 1211. We explained: "[A] district court's statement that a defendant has the right to appeal does not necessarily negate a waiver-of-appeal provision contained in a plea agreement when the defendant enters into that agreement prior to the court's statement." *Id.*

This would be a different case if Nguyen had not signed the plea agreement until after the plea colloquy. *See, e.g.*, *Wilken*, 498 F.3d at 1167 (holding "the sentencing court's mischaracterization of an appellate waiver during a plea colloquy, *prior* to signing of the plea agreement or entry of a guilty plea, can create a material ambiguity as to an otherwise unambiguous waiver in the plea agreement"); *United States v. Benitez-Diaz*, 320 Fed. Appx. 868, 871 (10th Cir. 2009) (unpublished) (permitting defendant to appeal from his sentence where "we [could not] discern from the record whether [the plea agreement] was signed immediately before or after the colloquy" ). Here, it is clear Nguyen signed the

-12-

plea agreement before entering into the plea colloquy.  Thus, he knowingly and voluntarily waived his right to appeal from his conviction and his sentence.

We **GRANT** the government's motion to enforce the appeal waiver contained in Nguyen's plea agreement and **DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge