**UNITED STATES COURT OF APPEALS**

**October 12, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

THANH NGUYEN,

      Defendant–Appellant.

No. 10-3164
(D.C. No. 6:09-CV-01402-WEB and
6:08-CR-10002-WEB-7)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before, **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

Thanh Nguyen, a federal prisoner proceeding pro se,[1] appeals the district court's

denial of his petition for a writ of audita querela. Exercising jurisdiction under 28 U.S.C.

§ 1291, we vacate the district court's judgment and remand.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

[1] Because Nguyen proceeds pro se, we liberally construe his pleadings. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998).

# I

In 2009, Nguyen pled guilty to two of nineteen drug-related charges brought against him for his involvement in an ecstasy-distribution ring.  As part of his plea agreement, he waived his right to appeal his conviction or collaterally attack his sentence. United States v. Nguyen, 343 Fed. App'x 385, 387 (10th Cir. 2009) (unpublished). Nguyen was sentenced to two consecutive forty-eight month prison terms.  His sentence included a two-level enhancement for possession of a firearm in furtherance of drug trafficking.  Nguyen, 343 Fed. App'x at 386.  He appealed his sentence to this court, and we dismissed his appeal based on the plea agreement's waiver provision.  Id. at 387.

Nguyen then filed a 28 U.S.C. § 2255 habeas corpus petition in federal district court, arguing:  (1) that he had received ineffective assistance of counsel; and (2) that his two sentences should not run consecutively.  On April 16, 2010, the district court denied his motion to vacate, based once again on the plea agreement's collateral attack waiver.

On June 10, 2010, Nguyen filed this action, a writ of error audita querela under 28 U.S.C. § 1651, arguing:  (1) that the Booker line of cases created new defenses which arose after the imposition of judgment; (2) that the district court had the authority to modify his term of imprisonment under 18 U.S.C. § 3582(c); (3) that Rule 35 of the Federal Rules of Criminal Procedure applies to his case; and (4) that the district court was without jurisdiction to impose consecutive sentences because the crimes of conviction were grouped.  He also specifically argued that the writ was not a second or successive § 2255 petition.  Declining to construe the filing as a second or successive habeas

- 2 -

petition, the district court denied it on the merits. Nguyen's appeal challenges the district court judgment on his fourth claim—that his convictions should have been grouped under U.S.S.G. § 3D1.2—and attempts to revive the ineffective assistance of counsel claim he brought in his § 2255 petition.

## II

A writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (internal quotation marks omitted). Although the writ was formally abolished by Rule 60(b) of the Federal Rules of Civil Procedure, the Supreme Court has held that the writ of coram nobis could still be pursued in the criminal context under the All Writs Act, United States v. Morgan, 346 U.S. 502, 512 (1954), and this court has consequently acknowledged that the writ of audita querela may also, at least in theory, be available to provide post-conviction relief to criminal defendants, Torres, 282 F.3d at 1245 n.6.

But although the common-law writs, including audita querela, are available to criminal petitioners, they are only available to "fill the interstices of the federal postconviction remedial framework." United States v. Valdez-Pacheco, 237 F.3d 1077, 1078 (9th Cir. 2001) (quotation omitted). Accordingly, "[a] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence [sic] under 28 U.S.C. § 2255." Torres, 282 F.3d at 1245 (quotation omitted). A petitioner cannot "avoid the bar against successive § 2255 petitions by simply styling a

- 3 -

petition under a different name." Torres, 282 F.3d at 1246.

The district court declined to reclassify Nguyen's writ as a successive § 2255 petition. But the court's only rationale for that decision was that Nguyen had specifically stated that his pleading was not pursuant to § 2255. Its decision was therefore a misapplication of this circuit's law: simply calling a filing an audita querela petition is not sufficient to make it one. Torres, 282 F.3d at 1245-46.

Therefore, the proper inquiry is not whether Nguyen's audita querela petition was legally sufficient, but whether his claims could have been brought in a § 2255 petition. See Valdez-Pacheco, 237 F.3d at 1079-80. Even if we disregard the waiver of collateral remedies in Nguyen's plea agreement, we easily conclude that both of the claims he raises on this appeal collaterally attack his conviction and sentence. His claim that the district court misapplied U.S.S.G. § 3D1.2 could have been brought in his first § 2255 petition. And his ineffective assistance claim was in brought in his first § 2255 petition. Accordingly, we construe this action as a second § 2255 petition.

Because Nguyen's audita querela petition was in reality a second § 2255 petition, he was required to seek authorization from this court before proceeding in the district court. 28 U.S.C. §§ 2244(b)(3); 2255(h). Absent such authorization, the district court did "not even have jurisdiction to deny the relief sought in the pleading." United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). Nguyen never sought such authorization, so the district court never should have reached the merits of Nguyen's audita querela petition.

- 4 -

We therefore **VACATE** the district court's judgment and **REMAND** for further proceedings consistent with this order.

Entered for the Court,

Carlos F. Lucero
Circuit Judge