FILED
United States Court of Appeals
Tenth Circuit

April 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

LEALON MULDROW,

        Defendant-Appellant.

No. 09-3309
(D.C. No. 2:92-CR-20063-JWL-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

Lealon Muldrow is serving a 360-month sentence in federal prison for

possessing crack cocaine with the intent to distribute it in the vicinity of an

elementary school. After losing his direct appeal and multiple habeas petitions

filed under 28 U.S.C. §§ 2255 and 2241, in July 2009, he filed a petition in the

district court seeking a writ of audita querela under the All Writs Act, 28 U.S.C.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1651. The district court denied the petition, concluding that such a writ may not issue if there is another avenue by which a criminal defendant can challenge his sentence, and that § 2255 is such an avenue. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (internal quotation marks omitted). Although the writ has been abolished in civil cases, we acknowledged in *Torres* that, at least theoretically, audita querela may afford post-conviction relief to a criminal defendant. *Id.*; *see also Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("[T]he writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief."). But as the district court correctly noted, "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Torres*, 282 F.3d at 1245 (internal quotation marks omitted).

Mr. Muldrow argues that § 2255 is not adequate in his case because of the preclusive effect of the second and successive rules combined with the non-retroactivity of the constitutional rulings upon which he relies.[1] We reject

---

[1] *See, e.g., United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (concluding the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490

(continued...)

this argument. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001); *see also Massey*, 581 F.3d at 174. "Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Torres*, 282 F.3d at 1246. The district court correctly held that § 2255 is the means to collaterally challenge a federal sentence even in cases where preauthorization is required under § 2244(b)(3). Consequently, there is no gap to fill in the post-conviction remedies so as to justify use of the writ. The district court's judgment is therefore AFFIRMED.

Mr. Muldrow's request to proceed *in forma pauperis* is GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[1](...continued)
(2000), does not apply retroactively on collateral review); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (holding same with respect to rule announced in *United States v. Booker*, 543 U.S. 220 (2005)).