FILED
United States Court of Appeals
Tenth Circuit

December 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WAYNE C. BRUNSILIUS,

      Petitioner-Appellant,

v.

HOYT BRILL, Warden; JOHN
SUTHERS, The Attorney General of
the State of Colorado; THE STATE
OF COLORADO,

      Respondent-Appellee.

No. 08-1264
District of Colorado
(D.C. No. 1:07-CV-02581-ZLW)

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Wayne C. Brunsilius, a state prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) that would allow him to appeal from the district court's

order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A). Because we conclude that Mr. Brunsilius has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

*This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

On March 13, 1991, Mr. Brunsilius pled guilty to six counts of sexual assault, for which he was sentenced to six consecutive four-year terms. The Colorado Court of Appeals affirmed his conviction in 1992. In 1993, Mr. Brunsilius filed a motion for a reduction of sentence pursuant to Colo. R. Crim. P. 35(b), which was denied. He subsequently filed a post-conviction motion pursuant to Colo. R. Crim. P. 35(c), which was also denied as untimely. That decision was affirmed by the Colorado Court of Appeals. Mr. Brunsilius filed another post-conviction motion in 2007, which was similarly denied on procedural grounds; the denial was also affirmed. On February 28, 2008, Mr. Brunsilius filed his first federal habeas petition pursuant to 28 U.S.C. § 2254. The district court dismissed it for untimeliness.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is not reasonably debatable that the petition was untimely. Under 28 U.S.C. § 2244(d), a prisoner must file a habeas petition in federal court no later than one year from the date his direct appeal from his conviction became final. Mr. Brunsilius's limitation period began to run on April 24, 1996, pursuant to the provision that prisoners whose convictions became final prior to the enactment of § 2244(d) will have one year from the enactment date of the statute to file their motions. *Hoggro v. Boone*, 150 F.3d 1223, 1225–26 (10th Cir. 1998). This limitation is tolled only for the time Mr. Brunsilius had a properly filed application pending for state post-conviction relief. *See id.* at 1226 (citing 28 U.S.C. § 2244(d)(2)). Neither Mr. Brunsilius's 2001 nor his 2007 post-conviction motion tolled the limitation period because both were filed four years after the limitation period had ended. Additionally, both of Mr. Brunsilius's 2001 and 2007 state post-conviction motions were denied on the basis of procedural default, disqualifying them from the tolling exception because neither qualified as a "properly filed application." *See Hoggro*, 150 F.3d at 1226 n.4. Furthermore, we find no reason to grant any equitable tolling in this case, as we find that Mr. Brunsilius has not met his burden to demonstrate its propriety. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Finally, because Petitioner has failed to show a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal, his motion pursuant to 28 U.S.C. § 1915**,** to proceed *in forma pauperis,* is similarly denied. *See* 28 U.S.C. § 1915(a)(3).

## Conclusion

Accordingly, we **DENY** Mr. Brunsilius's request for a COA and **DISMISS** this appeal. All other motions are **DENIED.**

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge