FILED
United States Court of Appeals
Tenth Circuit

February 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE BRUNSILIUS,

        Petitioner-Appellant,

v.

BRIGHAM SLOAN, Warden; JOHN
SUTHERS, the Attorney General of
the State of Colorado,

        Respondents-Appellees.

No. 10-1395
(D.C. No. 1:10-CV-00739-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**McKAY**, Circuit Judge.

Wayne Brunsilius, a Colorado prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

complaint, which it construed as an unauthorized successive 28 U.S.C. § 2254

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas petition, for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss the appeal.

Mr. Brunsilius pleaded guilty to six counts of sexual assault in 1991, and was sentenced to six consecutive four-year terms. His conviction was affirmed on direct appeal in 1992. He filed several state post-conviction motions, all denied. He filed his first § 2254 federal petition in 2008, which was dismissed as untimely, and this court denied him a COA. *Brunsilius v. Brill*, 303 F. App'x 610, 611-12 (10th Cir. 2008).

In March 2010, Mr. Brunsilius filed a document in district court titled as a "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction." In it, he challenged his state conviction and sentence and requested the district court to remove his state post-conviction proceedings to federal court. The district court entered an order stating that Mr. Brunsilius's claims were properly asserted pursuant to a § 2254 petition, and because he had previously filed a § 2254 challenging his state conviction, he was required to obtain this court's authorization before filing a second § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A). The court ordered him to cure this deficiency within thirty days if he wished to pursue his claims. In response, Mr. Brunsilius modified his filing in district court to attach his complaint to a § 2254 application form, but he did not seek or obtain authorization from this court to file a second or successive § 2254 petition.

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The district court gave Mr. Brunsilius several opportunities to cure this authorization deficiency, which he did not do. The district court then ruled that Mr. Brunsilius's complaint constituted an unauthorized second or successive § 2254 petition and dismissed it for lack of jurisdiction.

Mr. Brunsilius has now appealed that dismissal. To pursue an appeal, he must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (concluding that a COA was required to appeal from the dismissal of an unauthorized § 2255 motion). Thus, he "must show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Mr. Brunsilius contends on appeal that he never intended to file a § 2254 petition; his intent was to file a § 1441 removal complaint seeking to transfer his state post-conviction proceedings to the federal court. He argues that prior authorization is not required to file a § 1441 complaint and the district court erred in construing his complaint as a § 2254 petition. He is mistaken. The bar against successive § 2254 petitions may not be avoided "by simply styling a petition under a different name." *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). "It is the relief sought, not [the] pleading's title, that determines whether the

-3-

pleading is a [§ 2254 petition]." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A post-judgment motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

Mr. Brunsilius's complaint clearly challenged the validity and constitutionality of his state court conviction, asserting in part that the state lacked jurisdiction over his criminal case; his criminal judgment is void; his sentence was unconstitutional; his indictment was unconstitutional; he was deprived of a constitutionally fair and impartial trial; his sentence was not based on accurate information; and Colorado did not follow its own laws and constitution. We conclude that no reasonable jurist would debate the district court's ruling that Mr. Brunsilius's complaint asserted unauthorized second or successive § 2254 claims or its dismissal thereof for lack of jurisdiction. Thus, Mr. Brunsilius fails to satisfy the requirements for issuance of a COA.

We GRANT Mr. Brunsilius's request to proceed without prepayment of costs or fees on appeal. We DENY the application for a COA and DISMISS the appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-