FILED
United States Court of Appeals
Tenth Circuit

February 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES EDWARD MCINTYRE,

    Defendant - Appellant.

No. 08-6242
(D.C. Nos. 91-CR-00052-R-1 and
97-CV-00657-R)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

Charles Edward McIntyre, a federal prisoner appearing pro se, seeks to appeal the district court's order denying his motions for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. In 1991, Mr. McIntyre was convicted of conspiracy to distribute cocaine, 21 U.S.C. § 846; possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); causing interstate travel to facilitate unlawful activity, 18 U.S.C. § 1952(a)(3); and aiding and abetting, 18 U.S.C. § 2. 1 R. at 23. On direct appeal, we affirmed Mr. McIntyre's conviction. United States v. McIntyre, 997 F.2d 687 (10th Cir. 1993). Mr. McIntyre then filed his first 28 U.S.C. § 2255 motion, which we dismissed after denying Mr. McIntyre's application for a certificate of appealability ("COA"). United States v. McIntyre,

172 F.3d 63 (10th Cir. 1999) (unpublished). Mr. McIntyre subsequently filed a motion for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, arguing that his sentence is unconstitutional and citing to Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005). 1 R. at 28-39. The district court concluded that Mr. McIntyre's exclusive remedy was a § 2255 motion, and construed his motion as such.[1] Id. at 40-42. The district court also dismissed the motion for lack of jurisdiction because Mr. McIntyre did not present any meritorious claims given that Booker does not apply retroactively and Apprendi does not extend to second or successive habeas motions. Id.

Mr. McIntyre now challenges the district court's denial of his motion for a writ of audita querela. However, we agree with the district court that § 2255 provides the exclusive means for Mr. McIntyre to test his conviction in the sentencing court. We have previously stated that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255," United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal quotation marks omitted), and that a petitioner cannot

---

[1] We have instructed district courts not to re-characterize a prisoner's petition for post-conviction relief as a § 2255 motion without providing notice to the petitioner. United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000). However, that instruction is not applicable when the petitioner has previously filed a § 2255 motion, as is the case here. United States v. Torres, 282 F.3d 1241, 1245-46 (10th Cir. 2002).

"avoid the bar against successive § 2255 petitions by simply styling a petition under a different name," id. at 1246.  See also Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) (stating that "the mere fact [a petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate" and therefore unavailable as a remedy).  Accordingly, the district court had the discretion to dismiss the second § 2255 motion for lack of jurisdiction, given its determination that it was not in the interest of justice to transfer the matter to this court.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (stating that, when a district court is presented with an unauthorized second or successive § 2255 claim, it "may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion . . . for lack of jurisdiction").

Given the district court's characterization of his petition, Mr. McIntyre is required to obtain a certificate of appealability (COA) to proceed on appeal. United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008).  That means he must demonstrate that jurists of reason would find the district court's procedural ruling reasonably debatable.  Slack v. McDaniel, 529 U.S. 473, 478 (2000).  After considering his submissions, we conclude that he has not made that showing because the district court was surely correct in holding that Mr. McIntyre has failed to meet the standard of § 2255.  His contentions are not based on newly discovered evidence that, "if proven and viewed in light of the evidence as a

- 3 -

whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" or on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The caselaw cited by Mr. McIntyre—Booker and Apprendi—does not apply retroactively to final criminal judgments such as his. See United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that Booker is not to be applied retroactively); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that Apprendi is not to be applied retroactively).

We DENY a COA, DENY IFP status, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 4 -