FILED
United States Court of Appeals
Tenth Circuit

November 8, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS ADOLFO TINAJERO-PORRAS,

    Defendant - Appellant.

No. 16-6253
(D.C. Nos. 5:16-CV-00890-R &
5:06-CR-00115-R-1)
(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Jesus Adolfo Tinajero-Porras was convicted of charges arising from a

conspiracy to possess with intent to distribute cocaine and marijuana. After an

unsuccessful appeal, Tinajero-Porras filed a motion for relief under 28 U.S.C.

§ 2255, which the district court denied. Nearly seven years later, Tinajero-Porras

filed a "motion for relief . . . pursuant to [Fed. R. Civ. P.] 60(b)." R. Vol. 1 at 46.

The district court construed the motion as an unauthorized successive § 2255 motion

and dismissed it for lack of jurisdiction. Tinajero-Porras requests a certificate of

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealability (COA). For the following reasons, we deny his request and dismiss this matter.

Tinajero-Porras must obtain a COA before he can appeal the dismissal of an unauthorized successive § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). The district court disposed of Tinajero-Porras' motion on procedural grounds, so in order to obtain a COA Tinajero-Porras must show that jurists of reason would find it debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A court should construe a motion for relief under Fed. R. Civ. P. 60(b) as a second or successive § 2255 motion if it seeks to add a new claim, which includes attacking the "court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis omitted). "Conversely, . . . a 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted).

Tinajero-Porras argues his motion for relief under Fed. R. Civ. P. 60(b) was a "true" 60(b) motion. According to Tinajero-Porras, he did not seek to add a new claim or attack the district court's resolution of his prior § 2255 motion on the merits, but instead asked the court to rule on a claim in his original § 2255 motion that it had failed to address. There are two problems with this argument. First, the district court

specifically rejected the claim Tinajero-Porras argues it missed—that his attorney was ineffective for failing to object to statements in the presentence report—in its September 15, 2009, order. *See United States v. Tinajero-Porras*, No. CR-06-115-R, Order at 4 (W.D. Okla. Sept. 15, 2009). Second, much of Tinajero-Porras' 60(b) motion is devoted to rearguing the merits of his ineffective assistance claim. The district court therefore properly construed it as an unauthorized successive § 2255 motion. Because reasonable jurists could not debate this procedural ruling, we deny Tinajero-Porras' request for a COA.

We grant Tinajero-Porras' motion to proceed on appeal without prepayment of costs or fees. But because 28 U.S.C. § 1915(a)(1) allows us to excuse only *prepayment* of fees, he remains obligated to pay all filing and docketing fees to the clerk of the district court.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
