**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS A. TINAJERO-PORRAS,

    Defendant - Appellant.

No. 17-6108
(D.C. No. 5:06-CR-00115-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **BRISCOE**, and **MATHESON**, Circuit Judges.
_____

Jesus A. Tinajero-Porras, a federal prisoner appearing pro se, filed a petition for a writ of audita querela, which the district court treated as a second or successive 28 U.S.C. § 2255 motion and denied for lack of jurisdiction. To appeal from that decision, Tinajero-Porras must obtain a certificate of appealability (COA). *See United States v. McIntyre*, 313 F. App'x 160, 162 (10th Cir. 2009) (requiring COA to appeal from denial of writ of audita querela treated as § 2255 motion). We deny a COA and dismiss the matter.

Tinajero-Porras was convicted by a jury of multiple drug offenses, and his direct appeal was unsuccessful. *See United States v. Tinajero-Porras*, 275 F. App'x 794, 796

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2008). His first motion for relief under 28 U.S.C. § 2255 was also unsuccessful. It was followed by a motion for relief under Fed. R. Civ. P. 60(b), which the district court treated as an unauthorized successive § 2255 motion and dismissed for lack of jurisdiction. Tinajero-Porras's request for a COA was denied. *See United States v. Tinajero-Porras*, 670 F. App'x 657, 658 (10th Cir. 2016).

Tinajero-Porras then filed the underlying petition for a writ of audita querela, asserting that he should be resentenced because the court failed to properly apply U.S.S.G. § 1B1.3(a)(1)(B)'s provisions in determining the relevant conduct for his offenses. The district court treated the petition as a second or successive § 2255 motion and denied it for lack of jurisdiction. Tinajero-Porras now seeks a COA to appeal that decision.

To be entitled to a COA, Tinajero-Porras must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

"A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). Although Tinajero-Porras entitled his pleading as a petition for a writ of audita querela and even instructed the court not to treat it as a § 2255 motion, "[i]t is the relief

2

sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id*. at 1149. Because he is alleging that his sentence is unlawful, the pleading is properly treated as a § 2255 motion.

Moreover, "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal quotation marks omitted); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." (internal quotation marks omitted)). Courts have found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances, *see Caravalho*, 177 F.3d at 1178, none of which is present here.

Tinajero-Porras contends that a § 2255 remedy is not available because his claim is based on non-constitutional sentencing error arising from a clarifying amendment to the Sentencing Guidelines. But "§ 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective." *Id.* (citing *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). "[T]he mere fact that [petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Id.* at 1179.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). In the absence of such authorization,

3

a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Reasonable jurists could not debate that the district court was correct to treat Tinajero-Porras's pleading as an unauthorized second or successive § 2255 motion and to deny it for lack of jurisdiction.

Accordingly, we deny Tinajero-Porras's request for a COA. We grant his motion to proceed on appeal without prepayment of costs or fees and deny as moot Appellee's motion for an extension of time.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk