**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JASON McKINNEY,

　　　　Defendant - Appellant.

No. 17-3125
(D.C. No. 2:06-CR-20078-JWL-1)
D. Kansas

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **KELLY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On March 29, 2017, Appellant Jason McKinney filed a *pro se* pleading styled "Petition for Writ of Error Audita Querela." McKinney sought a reduction

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in the 360-month sentence he received for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), possession with intent to distribute fifty grams or more of crack cocaine. Relying on Amendment 790 to the United States Sentencing Guidelines, which clarified the "jointly undertaken criminal activity" analysis, *see* USSG § 1B1.3(a)(1)(B), McKinney argued the district court miscalculated the quantity of drugs for which he was responsible under USSG § 2D1.1. McKinney previously challenged his sentence by filing motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), both of which were denied.

The district court denied McKinney's motion, concluding *audita querela* relief was not available because other avenues of relief, namely 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), are available to McKinney and those avenues are not inadequate or ineffective. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." (quotation omitted)). On appeal, McKinney argues § 2255 is not an avenue for relief because the claim he seeks to raise is a non-constitutional claim based on a clarifying amendment to the Guidelines and such a claim cannot be raised in a § 2255 motion. This court has already considered, and rejected, this argument. *United States v. Tinajero-Porras*, 697 F. App'x 609, 611 (10th Cir. 2017)

(unpublished disposition).[1]  Although *Tinajero-Porras* is an unpublished disposition, its reasoning is persuasive and its conclusion was based on this court's opinion in *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (holding "§ 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective").

The district court's order denying McKinney's petition for a writ of *audita querela* is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]We may consider non-precedential, unpublished decisions for their persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).