**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCO A. HENDRICKSON,

Defendant - Appellant.

No. 19-5050
(D.C. No. 4:08-CR-00197-JHP-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Marco Hendrickson, a federal prisoner proceeding pro se, appeals the district

court's denial of his petition for a writ of audita querela under 28 U.S.C. § 1651.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Hendrickson pled guilty to armed robbery in violation of 18 U.S.C. § 1951,

also known as "Hobbs Act robbery," and possession of a firearm in furtherance of a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

crime of violence in violation of 18 U.S.C. § 924(c). He received an enhanced sentence under the career-offender guideline, which applies when a defendant has "two prior felony convictions of either a crime of violence or a controlled substance offense," U.S. Sentencing Guidelines Manual § 4B1.1(a). The district court sentenced him to 271 months' imprisonment: 151 months for his Hobbs Act robbery conviction and 120 months for his § 924(c) conviction, to run consecutively. Hendrickson did not file a timely notice of appeal, so we dismissed his direct appeal.

Hendrickson has filed three motions under 28 U.S.C. § 2255. His first motion asserted that his counsel provided ineffective assistance. After the district court denied that § 2255 motion, we granted a certificate of appealability and ultimately affirmed the denial. Later, we granted authorization for Hendrickson to file a second § 2255 motion to challenge his career-offender sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015). The district court denied that authorized motion based on the Supreme Court's ruling in Beckles v. United States, 137 S. Ct. 886 (2017). We also granted authorization for Hendrickson to file a successive § 2255 motion to challenge his § 924(c) conviction based on United States v. Davis, 139 S. Ct. 2319 (2019). Hendrickson has not yet filed his authorized motion with the district court.

In 2018, Hendrickson filed a pro se petition for a writ of audita querela. He argues that United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017), constituted an intervening change in the law that rendered his career-offender enhancement improper. In O'Connor, we held that a conviction for Hobbs Act robbery does not

qualify as a "crime of violence" under U.S.S.G. § 4B1.2. 874 F.3d at 1158. The district court denied Hendrickson's petition after concluding that (1) the petition attempted to vacate, set aside, or correct his sentence or to otherwise challenge his convictions; and (2) § 2255 is the proper avenue for this type of post-conviction challenge. Hendrickson filed this appeal.[1]

## II

Hendrickson challenges the district court's denial of his petition for a writ of audita querela. He asks us to vacate the district court's judgment and to remand for resentencing without the career-offender enhancement.

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quotation omitted); see also Rawlins v. Kansas, 714 F.3d 1189, 1196 (10th Cir. 2013) ("[A]udita querela addresses unanticipated situations that arise after judgment."). We have acknowledged that a criminal defendant may be able to obtain post-conviction relief through a writ of audita querela. See, e.g., Torres,

---

[1] It is unclear whether Hendrickson filed his notice of appeal before the fourteen-day deadline set forth in Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. When he filed the notice, he included a statement that he was in lockdown and did not receive the district court's order until over two months had passed. We do not assess the timeliness of this appeal because the government does not contest it. The timely filing of a notice of appeal by the defendant is an "inflexible claim-processing rule[]" that "may be forfeited if not properly raised by the government." United States v. Garduño, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (quotation omitted).

282 F.3d at 1245 n.6. Even so, we have made clear that it is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." Id. at 1245 (quotation omitted). We have also held that § 2255 provides "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) (quotation omitted). Courts have found the remedy under § 2255 "to be inadequate or ineffective only in extremely limited circumstances." Id. "That [the petitioner] may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective." Id.

As shown above, Hendrickson is familiar with the process for filing § 2255 motions. Yet he does not explain why § 2255 provides an inadequate or ineffective remedy for challenging his sentence. He states only that his career-offender enhancement is "unlawful" in light of O'Connor and that his petition for a writ of audita querela is necessary to "fill[] gaps in the current system of post-conviction relief." Hendrickson cannot avoid the requirements for filing a successive § 2255 motion with these vague statements.

We look beyond the title of a pleading filed under § 1651(a) to its substance because allowing a petitioner "to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." Torres, 282 F.3d at 1246. We agree with the district court that the proper avenue for Hendrickson's

4

challenge to the lawfulness of his sentence is § 2255. We make no comment on his ability to obtain authorization under § 2255(h) to file a successive § 2255 motion because he has not sought such authorization from this court.[2]

### III

**AFFIRMED**. We **GRANT** Hendrickson's motion for leave to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] We note that the standard for authorization of a successive motion is distinct from both the audita querela standard and the standard for filing an initial § 2255 motion. See § 2255(h) ("A second or successive motion must be certified as provided in [§ 2244] . . . to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").