**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JACKSON PETER CHIWANGA,

Petitioner - Appellant,

v.

GENTNER F. DRUMMOND,
Oklahoma Attorney General,

Respondent - Appellee.

No. 23-5136
(D.C. No. 4:23-CV-00141-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Jackson Peter Chiwanga, proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. Exercising jurisdiction under 28 U.S.C. § 1291, we deny his request for a COA.

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Chiwanga proceeds pro se, we liberally construe his filings, but "this rule of liberal construction stops . . . at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

**I**

In September 2019, while represented by counsel, Chiwanga pleaded guilty to several criminal offenses under Oklahoma law in Tulsa County District Court in Tulsa, Oklahoma, including (1) assault and battery on a police officer, (2) domestic assault and battery by strangulation, (3) resisting an officer, (4) obstructing an officer, and (5) domestic assault and battery. In November 2019, the district court sentenced Chiwanga to three years' imprisonment on the first two counts, and one year on each of the remaining counts, ordering all sentences to run concurrently. The imprisonment terms were suspended, and the court imposed a 36-month term of probation. Before the district court, Chiwanga was advised of, and acknowledged in writing, his right to appeal, and that a "plea of guilty/no contest" made "it very likely (automatic for many crimes) that he [would] be deported from the United States." R. I at 119–20. At the time Chiwanga pleaded guilty, he was a lawful permanent resident of the United States and a citizen of Tanzania. Chiwanga did not move to withdraw his guilty plea, nor did he appeal the convictions or sentences.

In August 2021, the United States Immigration and Customs Enforcement ("ICE") detained Chiwanga, and the Department of Homeland Security notified him that he was removable from the United States because

of his convictions. By this point, Chiwanga had served nearly two years on probation.

In March 2022, Chiwanga sent a letter to the Tulsa County District Court, asking it to reconsider his convictions and sentence. He claimed that a "lack of proper legal advice and direction resulted in [him] choosing what [he] believed to be an 'Immigration Safe Plea.'" R. I at 126–27. The district court construed Chiwanga's letter to be an application for postconviction relief and denied it. It determined Chiwanga was not entitled to file a direct appeal out of time because he did not provide a sufficient reason for failing to withdraw his plea and perfect an appeal. Moreover, the district court determined Chiwanga's plea was made knowingly, intelligently, and voluntarily.

Chiwanga filed a motion for reconsideration, which the district court granted after finding it had taken up the matter prematurely, potentially denying Chiwanga the opportunity to elaborate on his claims. Again, however, considering the issue anew it denied his request for postconviction relief, adopting its reasoning from the first denial of postconviction relief. Chiwanga appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which dismissed the case after concluding he failed to timely appeal the district court's decision.

In October 2022, Chiwanga filed a second application for postconviction relief in the Tulsa County District Court and sought leave to file a direct appeal

3

out of time. The district court denied both requests and the OCCA affirmed the denials in February 2023.

In April 2023, Chiwanga filed a § 2254 application for a writ of habeas corpus in the United States District Court for the Northern District of Oklahoma. He argued he was denied his Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment right to due process, both with respect to his guilty plea. Respondent filed a motion to dismiss Chiwanga's application, and Chiwanga responded. In his response, Chiwanga argued his § 2254 application should be construed as a writ of error *coram nobis*[2] as an alternative argument. The district court dismissed Chiwanga's application for lack of jurisdiction and denied a COA. Chiwanga timely appeals.

## II

To challenge the district court's decision, Chiwanga must first obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Because the district court dismissed Chiwanga's § 2254 application on procedural grounds, he must demonstrate that jurists of reason

---

[2] A writ of error *coram nobis* "is used to attack a judgment that was infirm [at the time it was issued], for reasons that later came to light." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (cleaned up). It "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody.'" *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013).

4

would find it debatable whether (1) the district court was correct in its procedural ruling and (2) the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. The former requirement is more pertinent here.

The district court dismissed for lack of jurisdiction because it concluded Chiwanga was no longer "in custody" when he filed his § 2254 application. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)). Indeed, "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

The federal district court correctly concluded Chiwanga filed his application in April 2023, five months after he completed his sentence in November 2022. Chiwanga concedes this fact and instead argues his § 2254

5

application is merely an extension of his March 2022 letter to the Tulsa County District Court. But Chiwanga mischaracterizes this letter; it was an unsuccessful attempt at postconviction relief in state court, not an application for a writ of habeas corpus under § 2254. *See Broomes*, 358 F.3d at 1255 (rejecting a habeas petitioner's "attempts to overcome the 'in custody' requirement by carving out a new exemption, excusing the requirement for those who, like him, were diligently pursuing state court relief when their convictions or sentences expired").

Chiwanga also argues he was "in custody" in April 2023 because ICE was detaining him. But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). And significantly, merely being "in federal custody awaiting a final removal determination by [ICE]" fails to satisfy the "in custody" requirement of § 2254(a). *Broomes*, 358 F.3d at 1254.[3]

---

[3] In *Broomes*, our court recognized two exceptions to § 2254's "in custody" requirement once a petitioner's sentence has expired: (1) counsel was not appointed in violation of the Sixth Amendment, or (2) no channel of review was available through no fault of the petitioner. 358 F.3d at 1254. Neither exception applies in this case.

As noted, the "in custody" requirement of § 2254(a) is jurisdictional. Chiwanga fails to establish he was "in custody" within the meaning of § 2254 and our case law, and for this reason, the district court correctly concluded it lacked jurisdiction.

Alternatively, Chiwanga argues we should construe his § 2254 application as a writ of error *coram nobis*. But we are without jurisdiction to issue such a writ with respect to state-court judgments. *See Rawlins v. Kansas*, 714 F.3d 1189, 1191 (10th Cir. 2013) (noting federal courts have "no power to examine a state-court judgment under the writ of *coram nobis*").

### III

Because reasonable jurists would not debate the correctness of the district court's procedural ruling, we deny Chiwanga's COA request and dismiss this appeal. We grant his motion to proceed in forma pauperis.

Entered for the Court

Richard E.N. Federico
Circuit Judge

7